In the Matter of THOMAS G. MORRO, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, March 22, 1988

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Thomas G. Morro was admitted to the practice of law in the First Department on February 5, 1979, and, in the same year, he was also admitted to practice in the State of New Jersey. Respondent voluntarily resigned from the New Jersey Bar after acknowledging that he could not successfully defend himself against the charge that he had misused trust funds. By order of the Supreme Court of New Jersey dated

October 6, 1987, respondent's name was stricken from the roll of attorneys and he was permanently enjoined from practicing law in that State.

The New Jersey disciplinary action grew out of a complaint lodged by one of respondent's law partners with the Office of Attorney Ethics alleging that respondent had misappropriated an estimated $30,000 to $40,000 from the firm and its clients. Respondent was temporarily suspended by the Supreme Court of New Jersey on February 6, 1986. One year later, he was arraigned in Superior Court of New Jersey on charges of theft and conversion of more than $500 from each of six clients between October 1984 and November 1985. On September 10, 1987, respondent consented to his disbarment which was subsequently ordered by the New Jersey court.

Based upon respondent's disbarment on consent by the New Jersey court, petitioner now moves, pursuant to 22 NYCRR 603.3, to have respondent disbarred from the practice of law in New York. Although respondent has acknowledged receipt of the petition, he has not submitted a request for a hearing or any statement in answer to the petition.

The misappropriation of trust funds is a serious charge adversely reflecting upon respondent's fitness to practice law and for which the sanction of disbarment is warranted. Therefore, petitioner's motion is granted and respondent disbarred; his name shall be removed from the roll of attorneys and counselors-at-law forthwith.

SANDLER, J. P., ROSS, KASSAL, ROSENBERGER and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective April 22, 1988.